**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC<br>FEDERAL NATIONAL MORTGAGE ASSOCIATION<br>FEDERAL HOUSING FINANCE AGENCY<br><br>Plaintiff(s),<br><br>v.<br><br>SFR INVESTMENTS POOL I, LLC<br>TALASERA AND VICANTO HOMEOWNERS ASSOCIATION<br><br>Defendant(s). | Case No. 2:15-cv-00267-RFB-NJK<br><br>**ORDER** |

## I. INTRODUCTION

Before the Court are Plaintiffs Federal Housing Finance Agency ("FHFA"), Federal National Mortgage Association ("Fannie Mae"), and Nationstar Mortgage LLC's ("Nationstar") Joint Motion for Summary Judgment and Defendant Talasera and Vicanto Homeowners Association's Motion for Summary Judgment. ECF Nos. 88, 89. For the following reasons, the Court grants Plaintiffs' Motion.

## II. PROCEDURAL BACKGROUND

Plaintiffs filed their complaint in this matter on February 13, 2015 and asserted claims for quiet title and declaratory relief. ECF No. 1. Defendant SFR Investments Pool I, LLC (SFR) filed a motion to dismiss on April 17, 2015. ECF No. 30. Defendant Talasera and Vicanto Homeowners Association ("HOA") answered the complaint on that same date. ECF No. 33. On March 31, 2016,

the Court denied SFR's Motion to Dismiss without prejudice. ECF No. 58. On August 31, 2016, the Court granted a joint stipulation to stay proceedings in this case pending the issuance of the Ninth Circuit's mandate in <u>Bourne Valley Court Trust v. Wells Fargo Bank, NA</u>. 832 F.3d 1154 (9th Cir. 2016), <u>cert denied</u> 137 S. Ct. 2296 (2017). On April 8, 2019, the Court lifted the stay. ECF No. 87. Plaintiffs filed their joint motion for summary judgment on May 13, 2019. ECF No. 88. SFR filed opposition. ECF No. 91. Plaintiffs filed a reply. ECF No. 92. The HOA filed its motion for summary judgment on that same date. ECF No. 89. Plaintiffs opposed the motion and the HOA replied. ECF Nos. 90, 93.

## III. FACTUAL BACKGROUND

The Court makes the following findings of undisputed and disputed facts.[1]

### a. Undisputed Facts

This matter concerns a nonjudicial foreclosure on a property located at 9147 Cantina Creek Court, Las Vegas, NV 89179 (the "property"). The property sits in a community governed by the HOA. The HOA requires its community members to pay HOA dues.

Nonparty Magdolna Drafi borrowed funds from Ryland Mortgage Company to purchase the property in 2006. To obtain the loan, Drafi executed a promissory note and a corresponding deed of trust to secure repayment of the note. The deed of trust listed Ryland Mortgage Company as lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary and was recorded on March 27, 2006. MERS subsequently assigned its interest under the Deed of Trust to

---

[1] The Court takes judicial notice of the publicly recorded documents related to the deed of trust and the foreclosure as well as Fannie Mae's Single-Family Servicing Guide. Fed. R. Evid. 201 (b), (d); <u>Berezovsky v. Moniz</u>, 869 F.3d 923, 932–33 (9th Cir. 2017) (judicially noticing the substantially similar Freddie Mac Guide); <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 690 (9th Cir. 2001) (permitting judicial notice of undisputed matters of public record).

BAC Home Loans Servicing, LP,("BAC") as recorded on or about July 16, 2010. On May 15, 2013, all beneficial interest in the Deed of Trust was assigned from Bank of America, N.A., ("BANA")—successor by merger to BAC Home Loans Servicing, LP—to Nationstar, as recorded on or about June 5, 2013.

Drafi fell behind on HOA payments. From April 13, 2012 through November 15, 2012, the HOA, through its agent, recorded a notice of delinquent assessment lien concerning past-due assessments, followed by a notice of default and election to sell, and finally a notice of foreclosure sale upon the property. The foreclosure sale occurred on February 15, 2013, and SFR purchased the property on that date.

However, Fannie Mae previously purchased the note and deed of trust in April 2006. While its interest was never recorded under its name, Fannie Mae continued to maintain its ownership of the note and the deed of trust at the time of the foreclosure. At the time of the foreclosure sale, BAC was the servicer of the loan for Fannie Mae.

The relationship between Fannie Mae and its servicers is governed by Fannie Mae's Single-Family Servicing Guide ("the Guide"). The Guide provides that servicers may act as record beneficiaries for deeds of trust owned by Fannie Mae. It also requires that servicers assign the deeds of trust to Fannie Mae on Fannie Mae's demand. The Guide states:

> The servicer ordinarily appears in the land records as the mortgagee to facilitate performance of the servicer's contractual responsibilities, including (but not limited to) the receipt of legal notices that may impact Fannie Mae's lien, such as notices of foreclosure, tax, and other liens. However, Fannie Mae may take any and all action with respect to the mortgage loan it deems necessary to protect its ... ownership of the mortgage loan, including recordation of a mortgage assignment, or its legal equivalent, from the servicer to Fannie Mae or its designee. In the event that Fannie Mae determines it necessary to record such an instrument, the servicer must assist Fannie Mae by [ ] preparing and recording any required documentation, such as mortgage assignments, powers of attorney, or affidavits; and [by] providing recordation information for the affected mortgage loans.

The Guide also allows for a temporary transfer of possession of the note when necessary for servicing activities, including "whenever the servicer, acting in its own name, represents the interests of Fannie Mae in ... legal proceedings." The temporary transfer is automatic and occurs at the commencement of the servicer's representation of Fannie Mae. The Guide also includes a chapter regarding how servicers should manage litigation on behalf of Fannie Mae. But the Guide clarifies that "Fannie Mae is at all times the owner of the mortgage note[.]" Finally, under the Guide, the servicer must "maintain in the individual mortgage loan file all documents and system records that preserve Fannie Mae's ownership interest in the mortgage loan."

Finally, the Guide "permits the servicer that has Fannie Mae's [limited power of attorney] to execute certain types of legal documents on Fannie Mae's behalf." The legal documents include full or partial releases or discharges of a mortgage; requests to a trustee for a full or partial reconveyance or discharge of a deed of trust, modification or extensions of a mortgage or deed of trust; subordination of the lien of a mortgage or deed of trust, conveyances of a property to certain entities; and assignments or endorsements of mortgages, deeds of trust, or promissory notes to certain entities.

In 2008, Congress passed the Housing and Economic Recovery Act ("HERA"), 12 U.S.C. § 4511 *et seq.*, which established the Federal Housing Finance Agency ("FHFA"). HERA gave FHFA the authority to oversee Fannie Mae. In accordance with its authority, FHFA placed Fannie Mae under its conservatorship in 2008. Neither FHFA nor Fannie Mae consented to the foreclosure extinguishing Fannie Mae's interest in the property in this matter.

### b. Disputed Facts

The parties dispute the legal effect of the circumstances described above.

**IV.     LEGAL STANDARD**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322(1986). When considering the propriety of summary judgment, the Court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts …. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

**V.     DISCUSSION**

The Federal Foreclosure Bar, 46 U.S.C. § 4617(j)(3) resolves this matter. The Ninth Circuit has held that the Federal Foreclosure Bar preempts foreclosures conducted under NRS Chapter 116 from extinguishing a federal enterprise's property interest while the enterprise is under FHFA's conservatorship unless FHFA affirmatively consented to the extinguishment of the interest. Berezovksy v. Moniz, 869 F.3d 923, 927–31 (9th Cir. 2017). Under Berezovksy, summary judgment based on the Federal Foreclosure Bar is warranted if the evidence establishes that the enterprise had an interest in the property at the time of the HOA foreclosure sale. Id. at 932– 33.

/ / /

The Court finds that the evidence establishes that Fannie Mae had an interest in the property at the time of the HOA foreclosure sale.

Despite <u>Berezovsky</u>, SFR attempts to avoid an unfavorable entry of summary judgment by arguing that Plaintiffs failed to establish an agency relationship with any beneficiary or servicer at the time of the foreclosure sale, that Plaintiffs failed to establish the chain of title, and that Fannie Mae cannot have a property interest because it was not the recorded beneficiary on the deed of trust on the date of the foreclosure sale. The Court addresses each argument in turn.

The Court first considers the agency argument. FHFA supports its claim that Fannie Mae acquired the loan in April 2006 with a declaration from an assistant vice president, Graham Babin. Mr. Babin authenticates a printout from Fannie Mae's Servicer & Investor Reporting platform ("SIR"). The SIR system shows Fannie Mae acquired the loan on April 1, 2006. The printouts also clearly trace the history of servicers of the loan from BANA to Nationstar Mortgage, LLC. SFR argues that this evidence is insufficient to establish an agency relationship between BANA and Fannie Mae.

The Court disagrees. In <u>Berezovsky,</u> the Ninth Circuit found that the language of the Guide, combined with database printouts from Fannie Mae's internal database authenticated by an employee, were sufficient to establish both Fannie Mae's ownership of the loan and an agency relationship between the sponsored entity and the servicer. <u>Id.</u> at 932 n.8. In subsequent cases, the Ninth Circuit has continued to allow FHFA and the federal enterprises, such as Fannie Mae, to prove a property interest with materially identical evidence. See <u>Elmer v. JPMorgan Chase & Co.</u>, 707 F.App'x 426, 428–29 (9th Cir. 2017) (unpublished); <u>Fed. Home Loan Mortg. Corp. v. SFR Investments Pool 1, LLC</u>, 893 F.3d 1136, 1149–50 (9th Cir. 2018). Likewise, and most importantly, the Nevada Supreme Court has allowed a federal enterprise under FHFA's

conservatorship to prove its property interest with materially identical evidence. Daisy Trust v. Wells Fargo Bank, N.A, 445 P.3d 846, 850 (Nev. 2019) (favorably citing Berezovsky). The Court thus rejects SFR's agency argument.

SFR's chain of title and recordation arguments fail for similar reasons. SFR contends that Fannie Mae failed to record its interest in the property, listing itself as the record beneficiary under the deed of trust, as required by the Nevada's recording statutes. However, the case SFR Investments Pool 1, LLC v. Green Tree Servicing, LLC forecloses the argument. 432 P.3d 718 (Nev. 2018) (holding the state recording statutes, prior to the 2011 amendments, do not require an assignment of beneficial interests under a deed of trust to be recorded and failure to record does not prevent an assignee from enforcing its interest later); see also Berezovsky, 869 F.3d at 932 (discussing the interplay of the Federal Foreclosure Bar and NRS 106.210). Because Fannie Mae acquired the loan in 2006, the Nevada recording statutes did not require Fannie Mae to record the assignment of beneficial interests in the deed of trust in its name. SFR Investment Pool 1, 432 P.3d 718. SFR's recordation and chain of title arguments fail accordingly.

Based on the foregoing, the Court grants summary judgment in favor of Plaintiffs and declares that the Federal Foreclosure Bar prevented the foreclosure sale from extinguishing Fannie Mae's interest in the property. The Court finds this holding to be decisive as to all claims in this matter and dismisses the remaining claims as a result.

## VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs Joint Motion for Summary Judgment (ECF No. 88) is GRANTED. The Court declares that any interest SFR has in the property is subject to Fannie Mae's Deed of Trust.

**IT IS FURTHER ORDERED** that Defendant Talasera and Vicanto Homeowners' Association's Motion for Summary Judgment (ECF No. 89) is denied as moot.

1 | **IT IS FURTHER ORDERED** that Plaintiffs' lis pendens (ECF No. 9) is expunged.

2 | The Clerk of the Court is instructed to close the case.

3 | DATED: November 12, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**